1COOKS, J.,
Dissents.
While the Majority avoids finding Mr. Davis’ suit filed on June 15, 1998 came too late, they nevertheless dismissed it as prescribed, finding the suit was not served within ninety days as required by La.R.S. 13:5107(D)(1). The Majority correctly notes the “mailbox” rule might save the day in this case, particularly since the record indicates Mr. Davis handed his suit to a prison official for processing on or prior to the prescription date; but the documents did not arrive at the courthouse until after the date expired. The United States Supreme Court has held in such instances the documents are considered filed when delivered to the prison official. A petitioner who is a prisoner does not have the liberty to deliver the documents to the courthouse. Louisiana has acknowledged the application of this holding to suits filed by prisoners.
But the Majority dismisses the application of this rule to the prescription question raised in this case finding instead the suit was not served within 90 days and La.R.S. 13:5107(D)(3) provides it shall not interrupt or suspend the running of prescription as to the sate. The Majority apparently did not notice the record contains, in addition to a MOTION AND AFFIDAVIT TO PROCEED IN FORMA PAUPERIS, an ORDER. The ORDER, obviously prepared and submitted with Davis’ petition, is comprised of five paragraphs. One of the paragraphs recites: “IT IS FURTHER ORDERED THAT after costs of court have been paid, the Clerk of 1¡Uourt shall process the suit and issue citation to the defendant(s) in accordance with the law.” Although the ORDER was signed by the trial judge, the letter X appears across all the paragraphs except the first and last. None of the options are circled in paragraph one. The only paragraph completed by the trial judge was the last in which he inserted the dáte and signed his name. For all practical purposes, although clearly the prisoner filed documents seeking to proceed as a pauper and to effect service of his suit, nothing occurred because “somebody” placed an X across all the noted paragraphs in the ORDER. When closely reviewed the Order was rendered meaningless. To say now that the prisoner, who later addressed a letter to the Clerk’s office attempting to find out what happened to his suit, must shoulder blame for what appears to be shortcomings attributable to the actions of public officials over which he had no control and no liberty to object to at the time of filing again violates “the mailbox” rule the United States Supreme court mandates we follow.
*15 Further, this case should be remanded because dismissal for failure to serve a suit within the 90 day period provided in La.R.S. 13:5107(D)(3) is not automatic. Section (D)(2) provides “if service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure article 1672(C) ...” La.Code Civ.P. art. 1672(C) provides: “A judgment dismissing an action without prejudice shall be rendered ... unless good cause is shown why service could not be requested ...” Here, the prisoner’s request for service is found in the ORDER submitted with the original petition filed on June 15, 1998 and “good cause” exists to explain why service was not perfected — THE JUDGE DID NOT CIRCLE the appropriate (shall) or (shall not) indicating whether the prisoner was allowed to proceed in forma pauper or not; “somebody” X out paragraphs 2-4; and despite the notation at the bottom of |sthe form requesting return of the document to the Inmate Banking Department nothing was done by the Clerk’s office or the Court.